IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE HERBERT, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Civil Action No. 2:15-cv-00933 ) |
| v. | ) Judge Arthur J. Schwab ) |
| MUDTECH SERVICES, L.P., | ) *Electronically Filed* ) |
| Defendant. | ) ) |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

I.   INTRODUCTION

Plaintiff Dwayne Herbert ("Hebert") alleges in a "Class Action Complaint" ("Complaint") that he and other Solids Control Consultants who performed services for defendant MudTech Services, L.P. ("MudTech") in Pennsylvania and Ohio were misclassified as independent contractors and are therefore owed overtime compensation under Pennsylvania and Ohio law.

Because Hebert's Complaint alleges facts and raises issues that are substantially identical to those in *Menefee v. MudTech Services, L.P.*, Case No. 4:14-cv-02314 ("*Menefee Litigation*"), a Fair Labor Standards Act ("FLSA") collective action, pending in the U. S. District Court for the Southern District of Texas, Houston Division, which Hebert has joined as a party plaintiff by filing a consent, the Complaint here must be dismissed both because it constitutes impermissible splitting of claims and under the "first to file" rule.

II.   STATEMENT OF FACTS

Hebert alleges in the Complaint that MudTech is a global oilfield services company, providing oilfield personnel to oilfield operators and service companies that need alternative

project staffing for mud operations. (Doc. 1, ¶ 11). Hebert claims that he served as a Solids Control Consultant with MudTech and was compensated on a daily rate basis. (Doc. 1, ¶¶ 7, 13). He alleges that he and other Solids Control Consultants who worked in Pennsylvania and Ohio were misclassified as independent contractors and not paid overtime compensation. (*Id.* ¶¶ 2, 7). He describes the work performed by Solids Control Consultants as "maintaining and operating solids control equipment and rigging up and rigging down oilfield equipment." (*Id.* ¶ 14).

MudTech currently is defending the *Menefee* Litigation, filed on August 12, 2014 in Houston, Texas. *See* Exhibit 1, *Menefee* Complaint[1]. In *Menefee*, named plaintiff James Menefee, a Solids Control Consultant, claims he was improperly classified as an independent contractor and denied overtime compensation in violation of the FLSA. Exhibit 1 at ¶¶ 1, 7. On March 10, 2015, the *Menefee* court authorized notice to a conditionally-certified class, comprised of:

> All Current and Former Solids Control Consultants Who Worked as Independent Contractors for MudTech Services, L.P., During the Period March ____, 2012 to the present.

Exhibit 2, *Menefee* Order of Court Approval to Potential Class Members. On May 22, 2015, Hebert filed a consent to become a party plaintiff in *Menefee*. *See* Exhibit 3, Hebert's Consent to Join *Menefee*.

The same counsel representing the plaintiffs in the *Menefee* Litigation filed the Complaint in this case.[2] The claims and allegations in the Complaint closely parallel those in the complaint in the *Menefee* Litigation. Hebert's proposed class definitions in this case are Pennsylvania and Ohio subsets of the nationwide collective action, conditionally-certified in

---

[1]  Exhibits are exhibits to Defendant's Motion to Dismiss.
[2]  Joshua P. Geist, Esq. is not involved in *Menefee*. However, the law firms of Fibich, Leebron, Copeland, Briggs & Josephson and Bruckner Burch, P.L.L.C, are counsel of record in *Menefee*.

*Menefee*. Specifically, Hebert purports to bring two Rule 23 class actions, comprised of:

> ALL CURRENT AND FORMER SOLIDS CONTROL CONSULTANTS WHO WORKED FOR MUDTECH SERVICES, L.P., IN THE PAST THREE YEARS IN PENNSYLVANIA WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY-RATE WITH NO OVERTIME COMPENSATION.

and

> ALL CURRENT AND FORMER SOLIDS CONTROL CONSULTANTS WHO WORKED FOR MUDTECH SERVICES, L.P., IN THE PAST THREE YEARS IN OHIO WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY-RATE WITH NO OVERTIME COMPENSATION.

(Doc. 1, ¶¶ 8, 9).

Hebert's Complaint and the complaint in the *Menefee* Litigation are essentially identical, except in this case Hebert is pursuing overtime pay claims under the Pennsylvania Minimum Wage Act, Ohio Minimum Fair Wage Standards Act and the Ohio Prompt Pay Act, instead of the FLSA claims pursued in the *Menefee* Litigation, in which Hebert is an opt-in plaintiff.

### III.   MOTION TO DISMISS STANDARD

A Rule 12(b)(6) motion to dismiss "tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Philips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss, a district court must accept the facts pled in the complaint as true and construe all inferences most favorably to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008). The court is not required to accept as true legal conclusions or unwarranted factual inferences. *See Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

IV. **ARGUMENT**

A. **A Motion To Dismiss Is The Proper Vehicle To Address Duplicative Litigation**

A motion to dismiss pursuant to Rule 12(b)(6) is not only the proper vehicle to challenge the factual sufficiency of a pleading, but also an appropriate means to seek to dismiss a later-filed action on the ground that it is duplicative of an earlier-filed action. *See, e.g., Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp.2d 1052, 1057-58 (S. D. Cal. 2007); *Sensormatic Sec. Corp. v. Sensormatic Electr. Corp.*, 329 F.Supp.2d 574, 578-79 (D. Md. 2004). The U. S. Supreme Court has recognized that, as part of its power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit. *Colorado Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976).

Further, dismissal with prejudice is a proper remedy where a second-filed action constitutes impermissible claim splitting or violates the "first to file" rule. *See Prewitt v. Walgreens Co.*, Civ. Action No. 12-6967, 2013 WL 6284166, at *5-6 (E.D. Pa. Dec. 2, 2013) (granting motion to dismiss with prejudice where second-filed action constituted impermissible claim splitting); *Greene v. H&R Block Eastern Enterprises, Inc.*, 727 F.Supp.2d 1363 (S.D. Fla. 2010) (same); *Chavez v. Dole Food Co., Inc.*, --- F.3d ---, 2015 WL 4732386, at *4-5 (3d Cir. Aug. 11, 2015) ("dismissal with prejudice is an appropriate response to" a complaint that violates the "first to file" rule).

B. **Hebert's Complaint Must Be Dismissed Because His Claims Constitute Impermissible Claim Splitting.**

A plaintiff "may not file duplicative complaints in order to expand their legal rights." *Curtis v. Citibank*, 226 F.3d 133, 140 (2d Cir. 2000). A plaintiff thus may not "split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief

is sought, and leave the rest to be presented in a second suit, if the first fails." *Stark v. Starr*, 94 U.S. 477 (1876). "The longstanding rule against improper claim splitting prohibits a plaintiff from prosecuting his case piecemeal and requires that all claims arising out of a single alleged wrong be presented in one action." *Prewitt*, 2013 WL 6284166, at *5; *see also Danao v. ABM Janitorial Services*, Civ. Action No. 14-6621, 2015 WL 2378644, at *13 (E.D. Pa. May 19, 2015). "Just as res judicata applies to a second action filed after a final adjudication of the first action, the rule against claim splitting applies when … two suits are pending at the same time." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, Civ. Action No. 08-309-JJF-LPS, 2009 WL 2016436, at *3 (D. Del. July 9, 2009). "The preclusion of a claim not only prohibits a plaintiff from filing duplicative suits … it is in keeping with 'the rule that a plaintiff must bring suit against the same defendant on all claims that relate to the same conduct, transaction or event at the same time.'" *Prewitt*, 2013 WL 6284166, at *5 (quoting *Curtis*, 226 F.3d at 139). "The doctrine[] promotes judicial economy by protecting defendants from having to defend against multiple identical, or nearly identical, lawsuits and by protecting courts from having to expend judicial resources on piecemeal litigation. *Id.*; *see also Danao*, 2015 WL 2378644, at *13.

To determine whether duplicative claim splitting has occurred, courts borrow from the doctrine of claim preclusion and may dismiss the later-filed suit if it 1) involves the same parties or their privies; and 2) arises out of the same transaction or series of transactions as the first suit. *Zephyr Aviation III, L.L.C. v. Keytech Ltd.*, No. 07-227, 2008 U.S. Dist. LEXIS 21944, 2008 WL 759095, *1 n.4 (M.D. Fla. Mar. 20, 2008); *Greene* 727 F.Supp.2d at 1367 (S.D. Fla. 2010). The Third Circuit has recognized that, in order for the subject matter of two actions to be considered "the same," the "parallel complaints need not be completely identical," only "substantially identical." *McKenna v. City of Philadelphia*, 304 Fed.Appx. 89, 92 (3d Cir. 2008). In *McKenna*,

after filing a claim in 1999 that the Philadelphia Police Department had discriminated and/or retaliated against him for opposing racially discriminatory practices, and being denied the opportunity to amend to add a wrongful termination claim, the plaintiff in 2006 filed a second suit, alleging retaliation for having opposed race discrimination in the Police Department. The later-filed complaint was held to be impermissible claim splitting. The court noted that both claims "relie[d] on the same operative facts and legal principles" and plaintiff could not "point to any particular conduct that could be considered a separate transaction or occurrence beyond the scope of [the first suit]." *Id.* at 93.

In the context of wage and hour class and collective actions, courts have applied these standards to dismiss complaints brought by plaintiffs who filed consents to join previously-filed collective action complaints. In *Greene v. H&R Block Eastern Enterprises, Inc.*, 727 F.Supp.2d at 1366-68, the Southern District of Florida dismissed an FLSA complaint which involved the "same subject," sought "recovery against the same corporate defendants" and relied "on the same nucleus of facts" as an earlier-filed collective action, in which seven plaintiffs previously had filed consents to join as party plaintiffs. The court held the two complaints arose out of the "same transaction or series of transactions" because both alleged a failure to pay for all time worked. *Id.* at 1367. In a related case, *Khan v. H&R Block Eastern Enterprises, Inc.*, No. 11-20335, 2011 WL 3269440 (S.D. Fla. July 29, 2011), the Southern District of Florida dismissed a Florida law minimum wage complaint where multiple plaintiffs had filed consents to join a previously-filed FLSA collective action. 2011 WL 3269440, at *6-8. The court held that the two complaints arose from the "same operative facts" even though the previously-filed complaint alleged a failure to pay overtime compensation under a different statute because "these actions both relate to the same, continuous failure to receive payment." *Id.* at *7.

Under these standards, Hebert's Complaint must be dismissed. First, it involves the same parties as the *Menefee* Litigation. MudTech is the defendant in the *Menefee* Litigation and this action. Hebert filed a consent to become a party plaintiff in the *Menefee* action. Second, the two actions involve the same subject matter and rely on the same set of facts. Both allege that Solids Control Consultants were denied overtime compensation because they were misclassified as independent contractors. *See Khan*, 2011 WL 3269440, at *7 (both matters arose from same operative facts because "both relate to the same, continuous failure to receive payment"); *Greene*, 727 F.Supp.2d at 1367 (both matters arose from same nucleus of facts because both alleged failure to pay for all time worked). Both actions allege that MudTech compensated Solids Control Consultants on a daily rate basis and both provide identical descriptions of the work performed by Solids Control Consultants. The two litigations therefore involve the same position, pay practice and allegation of misclassification. *See Leonard v. Stemtech International, Inc.*, Civ. Action No. 12-86-LPS-CJB, 2012 WL 3655512, at*8 (D. Del. Aug. 24, 2012 (if the "second-filed lawsuit not only involves the same defendant and the same (or similar) legal claims as does the first suit, but also arises out of the same set of operative facts as alleged in the first suit, then the second suit is likely an example of improper claim-splitting").

The only material difference between Hebert's Complaint and the complaint in the *Menefee* Litigation is the wage laws implicated. *Menefee* alleges FLSA violations, while the Complaint here raises state wage and hour violations. That difference does not make the actions non-duplicative or mean that the Complaint is not impermissible claim splitting. *See Khan*, 2011 WL 3269440, at *7 (dismissing state wage and hour complaint where claims not raised in previously-filed FLSA collective action, which plaintiffs joined); *Myers v. Colgate-Palmolive Co.*, 102 F.Supp.2d 1208, 1224 (D. Kan. 2000) (dismissing ERISA complaint that arose out of

"same transactional nucleus" of previously-filed discrimination complaint, and noting that "it is immaterial whether the two cases seek identical relief"); *Greene*, 727 F.Supp.2d at 1367 (dismissing complaint that raised different FLSA violations than previously-filed complaint and noting that relevant inquiry is whether claims arose out of "same nucleus of facts").

Finally, Hebert filed this action <u>after</u> the date for amending pleadings in the *Menefee* Litigation had passed. *See* Exhibit 4 at ¶ 2b. The *Menefee* plaintiffs had the opportunity to amend to allege the claims here, but failed to do so. To seek to remedy that defect by having Hebert, a plaintiff in the *Menefee* Litigation, bring this suit against Mudtech on the same operative facts is particularly improper. *See Schneider v. United States*, 301 Fed. App'x. 187, 189 (3d Cir. 2008) (per curiam); *Myers*, 102 F.Supp.2d at 1224; *see also Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977).

      C.    Hebert's Complaint Must Be Dismissed Pursuant To The "First to File" Rule.

Under the "first to file" rule, a court has the power and discretion "to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court.[3]" *EEOC v. Univ. of Penn.*, 850 F.2d 969, 971 (3d Cir. 1988), *aff'd on other grounds,* 493 U.S. 182 (1990); *Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc.*, 669 F.Supp.2d 613 (W.D. Pa. 2009) (quoting *Smith v. M'Iver*, 22 U.S. 532, 535 (1824) ("[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it"). The "first to file" rules applies "when two lawsuits involving the same issues

---

[3]    Courts have discretion to depart from the "first to file" rule and keep jurisdiction, but only if special circumstances exist, such as: (1) a party has acted in bad faith with an intent to forum shop, (2) the second-filed action is further developed than the first-filed action, and (3) where a suit was filed to preempt an opponent's filing of a suit in a different, less favorable venue. *Zanghi v. FreightCar America, Inc.*, 38 F. Supp.3d 631, 2014 WL 130985, *5 (W.D. Pa. Jan 14, 2014); *see also Pittsburgh Logistics*, 669 F. Supp.2d at 621-22. The facts surrounding Hebert's Complaint do not present a special circumstance.

and parties are pending in separate federal district courts." *Dole Food,* 2015 WL 4732386, at *3. The Third Circuit acknowledges that the party "who first brings a controversy into a court of competent jurisdiction" should be "free from the vexation of subsequent litigation over the same subject matter." *Pittsburgh Logistics,* 669 F.Supp.2d at 621.

Hebert's Complaint and the *Menefee* complaint involve the same parties, subject matter, allegations and legal issues. MudTech is the defendant in both actions. Hebert is a plaintiff in both actions. Both actions challenge MudTech's classification of Solids Control Consultants as independent contractors and seek damages for overtime compensation. Both actions describe Solids Control Consultants identically. Because the *Menefee* Litigation was filed first, this Court must dismiss Hebert's Complaint. *See Dole Food,* 2015 WL 4732386, at *4 (holding that dismissal is a proper remedy under the "first to file" rule because "it is of obvious importance to all the litigants to have a single determination of their controversy, rather than several decisions which if they conflict may require separate appeals to different circuit courts of appeals").

The sole difference between the *Menefee* complaint and Hebert's Complaint are the wage laws alleged to be violated. However, the "issues in the two actions need not be identical for purposes of the first-to-file rule but must only be substantially similar ... slight differences in the claims asserted do not prevent application of the rule where the underlying complained-of conduct is almost identical." *Walker v. Progressive Cas. Ins. Co.,* No. C03-656R, 2003 WL 21056704, at *3 (W.D. Wash. May 9, 2003) (internal citations omitted); *see also Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.,* No. 09-2552, 2009 WL 1845236, at *6 (E.D. Pa. June 26, 2009) ("the first-filed rule is not limited to mirror image cases where ... the issues perfectly align"); *GlaxoSmithKline Consumer Healthcare v. Merix Pharm. Corp.,* No. 05-898, 2005 WL 1116318, at *9 (D.N.J. May 10, 2005) ("[t]he crucial inquiry of the first-filed

rule is whether the issues substantially overlap; there is no requirement that the issues ... be identical"). Thus, in *Walker v. Progressive Cas. Ins. Co.*, No. C03-656R, 2003 WL 21056704 (W.D. Wash. May 9, 2003), the Western District of Washington dismissed a second-filed complaint where the "sole difference between [the first-filed complaint] and the present case is that plaintiffs have now omitted their FLSA claims ... assert[ing] claims only under the Washington Minimum Wage Act." 2003 WL 21056704, at *1. The court held the factual allegations in the two complaints were "identical" and the "first-to-file rule requires only a substantial similarity between the claims" so that a "slight difference between federal and state law does not prevent application of the rule." *Id.* at *3. Similarly, both Hebert and the *Menefee* plaintiffs complain of the same underlying conduct - i.e., that MudTech misclassified Solids Control Consultants as independent contractors - but Hebert raises state wage and hour claims instead of an FLSA claim. That does not preclude application of the "first to file" rule.

Further, the *Menefee* court is as competent to adjudicate Hebert's Pennsylvania and Ohio law claims as this Court. *See N. Am. Commun., Inc. v. Homeowners Loan Corp.*, 2007 U.S. Dist. LEXIS 4288, at *13 (W.D. Pa. Jan. 22, 2007) (noting that another district court is "competent to apply either of the state laws that could be applicable"); *Synthes, Inc. v. Knapp*, 978 F.Supp.2d 450, 462 (E.D. Pa. 2013) (noting that a "California judge is competent to apply Pennsylvania law").

Finally, the "first to file" rule is aimed at promoting judicial economy. MOORE'S FEDERAL PRACTICE, § 111.13[1][o][i] (3d ed. 1997). Here, it would be a waste of judicial and party resources to maintain in separate district courts two cases with overlapping parties, issues, facts and evidence. *See Dole Food*, 2015 WL 4732386, at *4 (dismissal under "first to file" rule is proper to avoid "waste of judicial time and energy"); *Martin v. Citizens Financial Group*,

*Inc.*, No. 10-260, 2010 WL 3239187, at *2 (E.D. Pa. Aug. 13, 2010) (purpose of "first to file" rule "is to avoid duplicative litigation and promote comity among courts of equal rank"). Further, dismissing Hebert's Complaint will eliminate the risk of inconsistent decisions between two cases, involving the same litigants and same issues. *See Dole Food*, 2015 WL 4732386, at *4 (dismissal proper to "prevent the judicial embarrassment of conflicting judgments"); *Pittsburgh Logistics*, 669 F.Supp.2d at 621 (purpose of "first to file" rule is to encourage sound judicial administration and promote comity among federal courts of equal rank, and to allow litigants a single determination of their controversy, rather than several decisions, which if they conflict may require separate appeals).

V.   CONCLUSION

MudTech respectfully requests the Court dismiss plaintiff Dwayne Hebert's Complaint with prejudice.

Respectfully submitted,

*s/Brian M. Hentosz*
Terrence H. Murphy
Pa. ID No. 36356

Brian M. Hentosz
Pa. ID No. 317176

LITTLER MENDELSON, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA  15222
Phone:  (412) 201-7621/7676
Fax:  (412) 291-1241
tmurphy@littler.com
bhentosz@littler.com

Attorneys for Defendant
MudTech Services, L.P.

Dated:  August 27, 2015

## CERTIFICATE OF SERVICE

I certify that on this 27th day of August 2015, a copy of the foregoing Brief in Support of Defendant's Motion to Dismiss was filed using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

>Joshua P. Geist
>GOODRICH & GEIST, P.C.
>3634 California Ave.
>Pittsburgh, PA 15212
>josh@goodrichandgeist.com
>
>Michael A. Josephson
>Lindsay R. Itkin
>Andrew W. Dunlap
>Jessica M. Bresler
>FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON
>1150 Bissonnet St.
>Houston, TX 77005
>mjosephson@fibichlaw.com
>litkin@fibichlaw.com
>adunlap@fibichlaw.com
>jbresler@fibichlaw.com
>
>Richard J. (Rex) Burch
>BRUCKNER BURCH, P.L.L.C.
>8 Greenway Plaza, Suite 1500
>Houston, TX 77046
>rburch@brucknerburch.com

>*s/ Brian M. Hentosz*
>Brian M. Hentosz