IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE HEBERT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MUDTECH SERVICES, L.P.,<br><br>Defendant. | )<br>)<br>)<br>) Civil Action No. 2:15-cv-00933<br>)<br>) Judge Arthur J. Schwab<br>)<br>) *Electronically Filed*<br>)<br>) |

**REPLY BRIEF IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

I.   INTRODUCTION

Plaintiff Dwayne Hebert ("Hebert") is incorrect a) that his "Notice of Withdrawal" ("Withdrawal"), filed in *Menefee v. MudTech Services, L.P.*, Case No. 4:14-cv-02314, pending in the U. S. District Court for the Southern District of Texas ("*Menefee* Litigation"), avoids the argument that his "Class Action Complaint" ("Complaint") is impermissible claim splitting, and b) that the "first to file" rule should not be applied to this case.

II.   ARGUMENT

A.   Herbert's "Notice of Withdrawal" in *Menefee* Did Not Comply
with Federal Rule of Civil Procedure 41 and Is Of No Legal Effect.

Hebert argues, based on his just-filed Withdrawal in the *Menefee* Litigation that "[c]laim splitting is not an issue" because he "is no longer an opt-in plaintiff in [that case.]" *See* Plaintiff's Brief in Response to Defendant's Motion to Dismiss ("Pl.s Br."), p. 4. However, his Withdrawal was not effective to remove him as a plaintiff in the *Menefee* Litigation.

"Under the Federal Rules of Civil Procedure, there are only two ways in which a plaintiff can dismiss an action without the consent of the court." *Camacho v. Mancuso*, 53 F.3d 48, 51

(4th Cir. 1995). If an "adverse party has not responded to a complaint with an answer or motion for summary judgment, Rule 41(a)(1)(i) allows a plaintiff to dismiss an action solely by filing a notice of dismissal with the court." *Id.* If the adverse party has responded, "in order to dismiss the cause of action, Rule 41(a)(1)(ii) requires a plaintiff to file with the court 'a stipulation of dismissal signed by all parties who have appeared.'" *Id.*

Herbert filed his Withdrawal in the *Menefee* Litigation on September 9, 2015, approximately one year after MudTech answered the *Menefee* complaint. *See Menefee* Litigation, Doc. Nos. 5 and 52. Thus, without court approval Herbert may only withdraw from the *Menefee* Litigation through a stipulation of dismissal signed by MudTech.[1] *See Forest Serv. Employees for Envtl. Ethics v. U.S. Forest Serv.*, Civ. Action No. 08-323, 2009 WL 1324154, at *2 (W.D. Pa. May 12, 2009) ("dismissal pursuant to Rule 41(a)(1)(A)(ii) requires the signature of all parties to the action"); *Camacho*, 53 F.3d at 53 ("requirements of Rule 41(a)(1)(ii) are not met when only one party signs and files a notice of dismissal"). Without MudTech's stipulation, Herbert may only withdraw pursuant to Rule 41(a)(2) on "terms and conditions as the court deems proper." *See In re Solv-Ex Corp. Sec. Litig.*, 62 Fed.Appx. 396, 398 (2d. Cir. 2003) ("[w]hen a defendant does not consent to the voluntary dismissal of an action, such dismissals

---

[1] Herbert's attempt to extract himself unilaterally from the *Menefee* Litigation is contrary to the purpose of Rule 41. In *Camacho*, the Fourth Circuit noted that a "defendant has a strong interest in the resolution of an action, especially after he has taken the time and spent the money to file a responsive pleading." 53 F.3d at 51. Further:

> Without the requirement of a mutually signed, written stipulation, Rule 41(a)(1)(ii) would become a vehicle by which a plaintiff could dismiss an action at any point without the consent of a defendant. Clearly, such a result would be in direct conflict with Rule 41(a)(1)(i), which only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment. To confirm that closing the case will not trample the interests of an unknowing defendant, the court should receive a signed notice from that defendant approving the dismissal.

*Id.*

may be granted only 'upon such terms and conditions as the court deems proper'"). Thus, Herbert's Withdrawal is of no legal effect, he remains an opt-in plaintiff in the *Menefee* Litigation and the Complaint in this case is impermissible claim splitting. *See Alholm v. American S.S. Co.*, 167 F.R.D. 75, 80 (D. Minn. 1996) ("we decline to give legal effect to the Plaintiff's interest in employing a voluntary dismissal pursuant to Rule 41(a)(1)(ii)"). For the reasons set forth above, MudTech has moved in the *Menefee* Litigation to strike Hebert's Withdrawal. *See Menefee* Litigation, Doc. No. 53.

Even if Herbert's Withdrawal was effective, the Complaint still would be impermissible claim splitting. *See Canterbury v. J.P. Morgan Acquisition Corp.*, 958 F.Supp.2d 637, 648 (W.D. Va. 2013) ("voluntary dismissal of the complaint does not preserve or withhold it from the doctrine of res judicata; indeed, one of the underlying rationales for the doctrine is to prevent this type of *ad infinitum* claim splitting and piecemeal litigation"). In *Cary v. City of Watseka*, 870 F.Supp.2d 567, 569 (C.D. Ill. 2012), the court dismissed a plaintiffs' "civil rights action ... after a previous voluntary dismissal in state court," which alleged identical facts and contained a "virtually identical" complaint albeit a "change in legal theory" as the state court action. The court held the plaintiffs "subjected themselves to a *res judicata* defense" by pursing "the same claim, arising from the same set of operative facts, in federal court simply by changing legal theories." *Id.* at 569-71. Thus, the Complaint should be dismissed, regardless of the effectiveness of Herbert's Withdrawal.

Finally, Herbert's Complaint is an improper attempt to circumvent the failure in the *Menefee* Litigation to amend pleadings to include the claims in the Complaint. Herbert may not remedy that failure by withdrawing his consent and engage in piecemeal litigation after the *Menefee* deadlines passed. *See Hare v. Opryland Hospitality, LLC,* Civ. Action No. DKC 11-

3

1439, 2011 WL 6153128, at *2-4 (D. Md. Dec. 9, 2011) (later-filed suit dismissed despite voluntary dismissal of earlier-filed suit because plaintiff failed to timely amend earlier-filed suit).[2]

> B. Differences in the Overtime Laws and Class Composition Do Not Preclude Application of the "First-to-File" Rule.

Hebert's first argument against application of the first-filed rule is that, because he seeks relief under Pennsylvania and Ohio law instead of the FLSA, there is no risk of inconsistent rulings, piecemeal resolution or wasteful litigation, so the first-to-file rule does not require dismissal. *See* Pl.s Br., pp. 5-6. He is incorrect.

Both the *Menefee* Litigation and Hebert's Complaint seek the same relief – payment for claimed overtime, based on asserted misclassification of Solids Control Consultants as independent contractors. Hebert's Pennsylvania and Ohio law claims are not "materially different" than the FLSA claims in *Menefee*. Both Pennsylvania and Ohio courts look to the FLSA when interpreting their state laws, especially when their provisions mirror the FLSA. *See Baum v. Astrazeneca LP*, 372 Fed.Appx. 246, 248 n.4 (3d Cir. 2010) (Pennsylvania courts have looked to FLSA for guidance in applying PMWA); *Baum v. AstraZeneca LP*, 605 F.Supp.2d 669, 674-75 (W.D. Pa. 2009) (proper to interpret PMWA in light of federal interpretation of FLSA, given their substantial similarity); *Williams v. Le Chaperon Rouge*, No. 1:07-CV-829, 2007 WL 4521492, at *2 (N.D. Ohio Dec. 17, 2007) ("when interpreting terms under the OMFWSA [Ohio Minimum Fair Wage Standards Act], courts should give great deference to the federal courts' interpretations of the same terms under the FLSA").

---

[2] Although Hebert states that MudTech's claim splitting argument is really a premature "class representative" argument, Hebert's attempt to participate in two lawsuits arising out of the same facts clearly falls under the doctrine of impermissible claim splitting.

4

In this respect, "slight differences in the claims asserted do not prevent application of the [first-to-file] rule where the underlying complained-of conduct is almost identical." *Walker v. Progressive Cas. Ins. Co.*, No. C03-656R, 2003 WL 21056704, at *3 (W.D. Wash. May 9, 2003). In *Walker*, the court ruled that a state wage and hour complaint violated the "first-to-file" rule where an FLSA claim, arising out of "identical" facts, was previously filed. *Id.* Similarly, Hebert here raises state law overtime claims arising out of the same facts as the *Menefee* Litigation. Despite what he asserts, permitting this case to go forward will mean a second suit involving potential classes of persons who could have (and some who did) opt in to *Menefee*, and will pose to MudTech the prospect of piecemeal litigation and the possibility of inconsistent rulings on the underlying independent contractor issue.

Hebert's further contention that the classes in the two cases will not overlap because putative class members in Pennsylvania and Ohio can no longer opt in to the *Menefee* litigation, presents no reason not to apply the first-to-file rule. *See* Pl.s Br., p. 7. Solids Control Consultants in Pennsylvania and Ohio had the opportunity to opt in to *Menefee* (and some presumably did), so the classes do overlap. To allow this case to go forward poses the prospect of individuals, who chose not to opt in to *Menefee*, becoming plaintiffs anyway, subjecting MudTech to the very type of vexatious litigation that the first-to-file rule is intended to prevent. *See Pittsburgh Logistic Sys., Inc. v. C.R. England, Inc.*, 669 F.Supp.2d 613, 621 (W.D. Pa. 2009).

### III. CONCLUSION

MudTech respectfully requests the Court dismiss plaintiff Dwayne Hebert's Complaint with prejudice.

                                        Respectfully submitted,

                                        *s/Brian M. Hentosz*
                                        Terrence H. Murphy
                                        Pa. ID No. 36356

                                        Brian M. Hentosz
                                        Pa. ID No. 317176

                                        LITTLER MENDELSON, P.C.
                                        625 Liberty Avenue, 26th Floor
                                        Pittsburgh, PA  15222
                                        Phone:  (412) 201-7621/7676
                                        Fax:  (412) 291-1241
                                        tmurphy@littler.com
                                        bhentosz@littler.com

                                        Attorneys for Defendant
                                        MudTech Services, L.P.

Dated:  September 15, 2015

## CERTIFICATE OF SERVICE

I certify that on this 15th day of September 2015, a copy of the foregoing Reply Brief in Support of Defendant's Motion to Dismiss was filed using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

>Joshua P. Geist
>GOODRICH & GEIST, P.C.
>3634 California Ave.
>Pittsburgh, PA 15212
>josh@goodrichandgeist.com
>
>Michael A. Josephson
>Lindsay R. Itkin
>Andrew W. Dunlap
>Jessica M. Bresler
>FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON
>1150 Bissonnet St.
>Houston, TX 77005
>mjosephson@fibichlaw.com
>litkin@fibichlaw.com
>adunlap@fibichlaw.com
>jbresler@fibichlaw.com
>
>Richard J. (Rex) Burch
>BRUCKNER BURCH, P.L.L.C.
>8 Greenway Plaza, Suite 1500
>Houston, TX 77046
>rburch@brucknerburch.com

>*s/ Brian M. Hentosz*
>Brian M. Hentosz