IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DWAYNE HEBERT,

    Plaintiff,

          v.

MUDTECH SERVICES,

    Defendant.

15cv0933
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION**

This is a class action lawsuit brought by Plaintiff on behalf of himself and the putative class against Defendant for allegedly misclassifying independent contractors so as to avoid paying overtime compensation required by Pennsylvania and Ohio law.  Before the Court is Defendant's Motion to Dismiss (doc. no. 15) Plaintiff's Complaint (doc. no. 1).

**I. Standard of Review**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading.  Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit

explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**II. Factual Background**

The following facts are accepted as true solely for the purposes of deciding this Motion to Dismiss.

Defendant as an oilfield services company. Doc. no. 1, ¶ 11. As such, Defendant hires "numerous oil field workers, including . . . Solids Control Consultants[,]" and that it classifies the oil field workers[1] as "independent contractors." Id., ¶ 12.

Plaintiff worked for Defendant from May of 2013 through May of 2015. Id., ¶ 13. Plaintiff (and other workers like him, who worked in Pennsylvania and/or Ohio) was routinely scheduled to work 12-hour shifts, 7 days per week, for weeks at a time. Id., ¶ 2. Plaintiff's job title was "Solids Control Consultant," and during the entirety of his employment with Defendant, Defendant classified him as an "independent contractor" and paid him a day-rate. Id., ¶ 13. He was never paid overtime for the hours he worked in excess of 40 hours per week in violation of Pennsylvania statutory laws. Id., ¶ 2, 17. Plaintiff further alleges that Defendant controlled "all of the significant or meaningful aspects of [his] job duties." Id., ¶ 21.

Specifically, Plaintiff defines the putative classes as follows:

> ALL CURRENT AND FORMER SOLIDS CONTROL CONSULTANTS WHO WORKED FOR MUDTECH SERVICES, L.P., IN THE PAST THREE YEARS IN PENNSYLVANIA WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY-RATE WITH NO OVERTIME COMPENSATION.
>
> \*   \*   \*
>
> ALL CURRENT AND FORMER SOLIDS CONTROL CONSULTANTS WHO WORKED FOR MUDTECH SERVICES, L.P., IN THE PAST THREE YEARS IN OHIO WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY-RATE WITH NO OVERTIME COMPENSATION.

---

[1] Plaintiff notes that because job titles differ, the phrase "oil field workers" was used to identify the Ohio and Pennsylvania classes. Doc. no. 1, ¶ 12.

3

Id., ¶ 8 - 9.

Defendant's Motion to Dismiss is predicated upon another class action lawsuit, *James Menefee v. MudTech Services L.P.*, which was filed at case number 4:14-cv-02314 on August 12, 2014, in the United States District Court for the Southern District of Texas, Houston Division ("the *Menefee* Litigation"). See doc. no. 14-1 (attached to Defendant's Motion to Dismiss). Defendant notes that Plaintiff's legal counsel in the *Menefee* Litigation – specifically the law firms of Fibich, Leebron, Copeland & Josephson, and Bruckner Burch, P.L.L.C. are also counsel of record in the instant matter.[2] See doc. no. 15, p. 2-3. Defendant contends that the proposed class definitions in the instant matter are merely Pennsylvania and Ohio "subsets" of a nationwide collective action, which has been conditionally certified by the District Court for the Southern District of Texas in the *Menefee* Litigation. Id.

Defendant further argues that the instant Complaint and the *Menefee* Litigation Complaint are essentially identical, except that, in the instant matter, Plaintiff is pursuing overtime pay claims under the Pennsylvania Minimum Wage Act, the Ohio Minimum Fair Wage Standards Act, and the Ohio Prompt Pay Act, rather than the FLSA claims pursued in the *Menefee* Litigation. Plaintiff is an opt-in plaintiff in the *Menefee* Litigation. Defendant argues that Plaintiff here cannot legally sustain this litigation due to prohibitions against claim-splitting. Id., p. 4-8.

In response to these arguments, Plaintiff, in his Brief in Opposition to the Motion to Dismiss, contends that he opted out of the *Menefee* Litigation and, thus, is no longer a member-plaintiff in that class action lawsuit. As such, Plaintiff contends that the claim splitting argument raised by Defendant is a non-issue. See doc. no. 17, p. 4.

---

[2] There is an additional (local) attorney, Joshua P. Geist, Esq., who entered his appearance on behalf of Plaintiff in this case, but he is not counsel of record in the *Menefee* Litigation occurring in Texas.

Defendant, in its Reply to Plaintiff's Brief in Opposition, largely contends that Plaintiff remains a member-plaintiff in the *Menefee* Litigation because his attempt to withdraw from the *Menefee* Litigation was "not effective," and therefore, Plaintiff in this case remains an opt-in plaintiff in the *Menefee* Litigation.  Doc. no. 18, p. 2-3.

### III. Legal Analysis

#### A. The *Menefee* Litigation

This Court may take judicial notice of the filings in the *Menefee* Litigation for purposes of deciding the instant Motion to Dismiss.  In *U.S. ex rel. Spay v. CVS Caremark Corp.*, 913 F.Supp.2d 125, (E.D. Pa. 2012), the United States District Court for the Eastern District of Pennsylvania provided a summary of the relevant law in this area:

> "On a motion to dismiss, courts take judicial notice of documents which are matters of public record such as Securities and Exchange Commission filings, *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000), court-filed documents, *Rouse v. II–VI Inc.*, No. Civ. A. 06–566, 2008 WL 398788, at *1 (W.D. Pa. Feb. 11, 2008), and Federal Drug Administration reports published on the FDA website, *In re Wellbutrin SR/Zyban Antitrust Litig.*, 281 F.Supp.2d 751, 755 n. 2 (E.D. Pa.2003)."  *McGehean v. AF & L Ins. Co.*, No. Civ.A. 09–1792, 2009 WL 3172763, at *2 (E.D. Pa. Oct. 2, 2009).  Such notice serves only to indicate what was in the public realm at the time, not whether the contents of those documents are true.  *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt., L.P.*, 435 F.3d 396, 401 n. 15 (3d Cir. 2006); *DCIPA, LLC v. Lucile Slater Packard Children's Hosp. at Stanford*, 868 F.Supp.2d 1042, 1048 (D. Or. 2011) ("[T]aking judicial notice of certain documents does not demonstrate the truth of everything contained in those records, and, as such, the truthfulness and proper interpretation of the document are disputable.").

*Id.*, at 139-40.

Before turning to what has been filed in the *Menefee* Litigation to date, this Court further notes the following concerning the law governing withdrawal as a plaintiff.

A plaintiff may voluntarily dismiss an action without a Court Order by simply filing a Notice of Dismissal if an adverse party has <u>not</u> filed an answer to a Complaint.  Fed.R.Civ.P.

5

41(a)(1)(A)(i).  A plaintiff may voluntarily dismiss an action, even after the adverse party has filed an answer to the Complaint, if the plaintiff can obtain a Stipulation, signed by all parties who have appeared in the action.  Fed.R.Civ.P. 41(a)(1)(A)(ii).  If the adverse party has responded to the Complaint, and if the plaintiff cannot obtain a Stipulation signed by all parties who have appeared in the action, a plaintiff may obtain a Court Order to dismiss the action.  Fed.R.Civ.P. 41(a)(2).

With this legal authority in mind, this Court has reviewed the docket in the *Menefee* Litigation and takes judicial notice of the following:

- Plaintiff in the instant lawsuit, Hebert, (in addition to being represented by local counsel) is represented by attorneys Dunlap and Itkin from the law firm Fibich Leebron Copeland Briggs & Josephson.  Plaintiff in the *Menefee* Litigation is also represented by attorneys Dunlap and Itkin.  Attorneys associated with the law firm of Litter Mendelson represent MudTech Services, L.P. ("MudTech") in both the *Menefee* Litigation and this case.  See case no. 4:14-cv-2314, filed in the United States District Court for the Southern District of Texas, generally.

- On August 12, 2014, the plaintiff in the *Menefee* Litigation filed his lawsuit on behalf of himself and others similarly situated, naming MudTech Services, Inc., as the defendant.  Id., doc. no. 1.

- On September 9, 2014, MudTech filed its Answer in the *Menefee* Litigation.  Id., doc. no. 5.

- On August 18, 2015, the plaintiff in the *Menefee* Litigation filed a Notice of Consent with respect to Plaintiff in this case, Hebert.  Id., doc. no. 51.  The actual consent signed by Hebert reads in relevant part as follows: "I, the undersigned

> [Norman L. Hebert, Jr.], have currently or formerly worked for Defendant MudTech Services, L.P., as a Solids Control Consultant and I do hereby consent to be a party plaintiff in the above-captioned lawsuit [the *Menefee* Litigation], which is an action to recover unpaid overtime wages, liquidated damages, attorneys fees and costs." Id., doc. no. 51-1.

- On September 9, 2015, the plaintiff in the *Menefee* Litigation filed a Notice of Withdrawal indicating that the plaintiff's counsel was withdrawing "the claim of Dwayne Hebert [filed at doc. no. 51-1], without prejudice." Id., doc. no. 52.

- On September 11, 2015, counsel for MudTech in the *Menefee* Litigation filed a Motion to Strike the Notice of Withdraw filed at doc. no. 52. Id., doc. no. 53. This is the final docket entry in the *Menefee* Litigation as of this writing.

Based upon the above judicially noticed facts, the Court finds that the instant Plaintiff, Hebert, remains a plaintiff in the *Menefee* Litigation. The Federal Rules of Civil Procedure indicate that Court approval via a Court Order is necessary to enable Hebert to relinquish his claim and plaintiff status in the *Menefee* Litigation. The docket in the *Menefee* Litigation reflects no such Order.

### B. Claim Splitting

Because this Court has determined as a threshold matter that the Plaintiff in this case, Hebert, the lead representative plaintiff of a putative class, remains a party-plaintiff, member of a class, in the *Menefee* Litigation, this Court must now determine whether his participation in both lawsuits constitutes impermissible claim splitting.

The United States Supreme Court denounced the concept of "claim splitting" well over one hundred years ago in *Stark v. Starr*:

> It is undoubtedly a settled principle that a party seeking to enforce a claim, legal or equitable, must present to the court, either by the pleadings or proofs, or both, all the grounds upon which he expects a judgment in his favor.  He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail.  There would be no end to litigation if such a practice were permissible.  But this principle does not require distinct causes of action that is to say, distinct matters each of which would authorize by itself independent relief, to be presented in a single suit, though they existed at the same time and might be considered together.

*Stark v. Starr*, 94 U.S. 477, 485, 24 L. Ed. 276 (1876).

The rule against claim splitting is an equitable rule and applies when two lawsuits are pending at the same time.  Although this rule differs from the concept of *res judicata,* which applies to a second action filed after a final adjudication of the first action, and collateral estoppel (also known as claim preclusion), the basic premise among these three doctrines is similar.  *See, i.e., Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, 2009 WL 2016436, at *3 (D.Del. July 9, 2009) ("Claim-splitting" also known as the "rule against duplicative litigation [has been described as] the 'other action pending' facet of the *res judicata* doctrine."); *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) ("[A] plaintiff has no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant.); and *Leonard v. Stemtech Int'l Inc.*, 2012 WL 3655512 (D. Del. Aug. 24, 2012) ("[V]ery often the doctrine of claim-splitting applies to bar a plaintiff from filing a new lawsuit after the court in an earlier action denied leave to amend the complaint to add those same claims, and in such circumstances, the second-filed suit is often not permitted to go forward-not only to prevent plaintiffs from circumventing prior court orders, but also because such circumstances tend to suggest that the claims raised in the second suit could well have been pursued in the prior litigation.").  Therefore, the claim splitting prohibition precludes a plaintiff

from simultaneously maintaining two separate lawsuits involving the same subject matter, at the same time, against the same defendant.

This Court recognizes that some courts have held that the doctrine of claim splitting does not apply to class actions to extinguish a claim "because class actions involve the representation of unnamed class members in abstentia." *Rodriguez v. Taco Bell Corp.*, 2013 WL 5877788, at *3 (E.D. Cal. Oct. 30, 2013), citing *Gooch v. Life Investors Ins. Co. of America*, 672 F.3d 402, 428 n. 16 (6th Cir. 2012) (noting that class action is an exception to the rule against claim splitting); *Gunnells v. Healthplan Services, Inc.*, 348 F.3d 417, 432 (4th Cir. 2003*) cert. den.* after subsequent appeal, 130 S.Ct. 561 (2009) (quoting 18 Moore's Federal Practice § 131.40[3][e][iii] (2002) ("a class action, 'of course, is one of the recognized exceptions to the rule against claim-splitting .'"); *Valentine v. WideOpen West Finance, LLC*, 288 F.R.D. 407, 415 (N.D. Ill. 2012); and *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 256 F.R.D. 586, 597 (N.D. Ill. 2009);  *see also* 18A Wright & Miller § 4455, "Pursuant to the same general principle that claim preclusion does not apply to matters that could not be advanced in a prior action, individual actions remain available to pursue any other questions that were expressly excluded from the class action." (*citing Macon on Behalf of Griffin v. Sullivan*, 929 F.2d 1524, 1530–31 (11th Cir. 1991); *Marshall v. Kirkland*, 602 F.2d 1282, 1295–98 (8th Cir. 1979)); *Aspinall v. Philip Morris*, 442 Mass. 381, 813 N.E.2d 476, 488 n. 19 (2004) (the plaintiffs did not seek damages for personal injuries, but the Court rejected the defendants' argument that principles of claim preclusion might operate to harm the interests of future class members who may wish to assert personal injury claims in a future action).

However, whether the doctrine of claim splitting applies to class actions appears to be an unsettled area of law. *See, e.g., Krueger v. Wyeth, Inc.*, 2008 WL 481956, at *2, 4 (S.D. Cal.

9

Feb.19, 2008) (noting that by leaving the class open to those who suffered personal injury but not pursuing damages for personal injuries, the plaintiff was engaging in claim-splitting, which the Court determined was a compelling reason to deny class certification because the plaintiff was an inadequate class representative under the current class definition); *Small v. Lorillard Tobacco Co. Inc.*, 252 A.D.2d 1, 11 (N.Y. App. Div. 1998) (under New York's transactional approach to *res judicata*, by only seeking economic recovery the plaintiffs would preclude other potential class members' chances of bringing potential claims for personal injury and emotional distress, and noting that the ability to opt out of the class was insufficient to protect the rights of putative class members who would want to seek remedies other than those chosen by the representatives); *see also In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liability Litig.*, 209 F.R.D. 323, 339-40 (S.D. N.Y. 2002); *Clay v. American Tobacco, Co.*, 188 F.R.D. 483, 494 (S.D. Ill. 1999); *Pearl v. Allied Corp.*, 102 F.R.D. 921, 923–24 (E.D. Pa. 1984); *Feinstein v. Firestone Tire and Rubber Co.*, 535 F.Supp. 595, 606 (S.D. N.Y. 1982).

It is noteworthy, that in many of the above-cited cases where the Courts found impermissible claim splitting within the confines of their class action lawsuits, the courts made the impermissible claim splitting determination when considering whether the class could be certified. Those Courts refused to certify the class, finding the class failed to prove its adequacy because it appeared that claims were being split.

### C.  Application of the Claim-Splitting Law to this Case

In the instant case, Plaintiff argued that Defendant's attempt to raise the claim splitting matter at this juncture of the litigation is premature. Plaintiff contends claim splitting relates solely to the adequacy prong to be adjudicated later, during the class certification phase of this litigation.

This Court acknowledged above that some Courts across the country have held that the doctrine of claim splitting does not apply to class actions. This Court also noted that some Courts throughout the country have considered the doctrine claim splitting within the context of deciding whether a class is adequate for certification purposes.

Here, in this early juncture of the litigation, the Court finds the facts of this case unique from all of the cases cited above, as well as the case law set forth in the briefs supplied by counsel for the Parties. In this case, Plaintiff is actively pursuing this matter as the lead representative on behalf of a putative class, and is a party-plaintiff member of a class in the *Menefee* Litigation. Plaintiff is actively participating as a plaintiff in two cases, one here and one in Texas, where he is trying to obtain overtime pay from his former employer, the defendant in both actions. His simultaneous appearance in two lawsuits constitutes a blatant example of claim splitting, not from a "class adequacy" standpoint, but rather, from a traditional *Stark* analysis.

Plaintiff, both in this case and as a member-plaintiff in the *Menefee* class, is not suing over distinct matters each of which would authorize by itself independent relief. To the contrary, his appearance as a plaintiff in two separate lawsuits where the subject matter of the lawsuits is the identical – namely, unpaid overtime surrounding work performed by Plaintiff for Defendant – belies the equitable claim splitting principle established in *Stark*. Accordingly, the Court will grant the Defendants' Motion to Dismiss.[3]

However, this case, is in its infancy stage, and there is no final ruling from the Texas District Court in the *Menefee* Litigation relating to the status of Plaintiff as a member-plaintiff in that class action. For this reason, this Court will grant the Motion to Dismiss without prejudice

---

[3] In granting the Motion to Dismiss, this Court is not making an adequacy determination from a class certification standpoint; rather, as a matter of equity, this Court holds that this Plaintiff cannot sue his former employer, Defendant, simultaneously in two separate courts for his alleged unpaid overtime wages.

to the Plaintiff to refile the lawsuit (if appropriate) after his status as a member-plaintiff in the *Menefee* Litigation has been fully adjudicated and decided by that Court.

An appropriate Order shall follow.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:     All Registered ECF Counsel